THE UNITED STATES DISTRICT COURT FOR THE STATE OF MARYLAND

JEFFREY COHEN, as Executive Director
of INTERNATIONAL ASSOCIATION OF
ENTERTAINMENT BUSINESSES, Inc.

WDQ-15-263

v.

ROD ROSENSTEIN, as US ATTORNEY

HARRY GRUBER, as ASST. US ATTORNEY

JOYCE MCDONALD, as ASST. US ATTORNEY

Defendants      Service for all on Rod Rosenstein
                36 South Charles St, Baltimore, MD 21201

FILED ___ ENTERED
LOGGED ___ RECEIVED

JAN 29 2015

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

## DERIVATIVE ACTION FOR DECLARATORY RELIEF

Jeffrey Cohen, plaintiff, pro se ("Cohen"), hereby asserts as follows:

This court has proper jurisdiction over this matter due to the federal issues involved; in addition, this court has proper jurisdiction due to the defendants residing and acting within this district and events giving rise to the claims occurred within this district.

Plaintiff is the Executive Director of the International Association of Entertainment Businesses, Inc. ("IAEB"); Cohen is only director of IAEB. IAEB owns 1% of Indemnity Insurance Corporation ("IIC").

Cohen is permitted to bring this action on a pro se basis pursuant to Willheim v. Murchison 206 F Supp 733 (SDNY 1962).

This action is not for damages but is an action for declaratory relief pursuant to 28 USCS §2201.

Defendants are currently engaged in a criminal action against Jeffrey Cohen in this Court (WDQ-14-310) ("Crim. Matter").

The IAEB is an association comprised of IIC policyholders that hold valuable casualty insurance coverage issued to their individual businesses on behalf of IIC. Each policyholder of IIC is also a member of the IAEB.

Starting in 2004, policyholder members of IAEB purchased casualty insurance coverage from IIC based on the excellent reputation and claims paying ability of IIC. IIC specifically designed special policies that were exclusively offered to the IAEB including several special policies that were not available from any other casualty insurance carrier. Several IAEB policyholders would not have been able to operate their individual businesses if it were not for the beneficial coverage provided to them by IIC. There are thousands of IAEB policyholders.

The casualty insurance policies issued by IIC enabled IAEB members to build their businesses and grow profitably due to the affordable and comprehensive coverages provided by IIC.

The policyholders of IAEB enjoyed many years of wonderful and problem free insurance coverage from IIC. IIC has managed over 23,000 claims on behalf of IAEB businesses, never failing to pay a claim or refusing to honor acceptable coverage requests. IAEB has received the benefit of the incredible claims paying ability of IIC which has paid over $20,000,000 in claims on behalf of IAEB members. IAEB has never had any issue with claims payments from IIC nor any issue with any service related matters from IIC.

During the fourth quarter of 2013, the Delaware Department of Insurance ("DEDOI") took over the operations of IIC and placed the company into a liquidation proceeding. The DEDOI asserted that IIC was insolvent and was unable to pay claims on behalf of policyholders. To date, the DEDOI has not provided any financial information on behalf of IIC to provide support to their assertions of insolvency. Since the date of liquidation order in November 2013, the DEDOI has maintained operational control of IIC and has refused to pay claims of policyholders, bills payable to IIC vendors, and legal expenses incurred in defense of claims.

Within the Crim. Matter, defendants have obstructed all access to discovery until recently. Cohen was able to review discovery in the preceeding few weeks of the date of this complaint. Within the discovery was a financial statement prepared by the DEDOI that was filed with the National Association of Insurance Commissioners that provided support that IIC has in it's possession $52.5 Million dollars in liquid assets available to pay claims on behalf of IIC policyholders.

IIC has been sht down so there should be very little operational expenses and the liquid assets should be utilized for payment of policyholder claims exclusively.

Defendants have repeatedly asserted in the Crim. Matter that Cohen's actions caused the insolvency of IIC. Defendants have also asserted the following:

"his companies [referring to IIC] were financially weak"

"The harm when an insurance company misrepresents its financial strength to...policyholders is that the risk coverage which the policyholders believed they had purchased is, in fact, in adequate or non-existent"

"Cohen caused IICDCRRG and IICRRG to write insurance policies exceeding the companies' financial ability to pay in the event of a liability determination"

IIC did not have reinsurance in the event of a large liability loss

Plaintiff asserts on behalf of IAEB that the assertions set forth by defendants have harmed the IAEB and attempted to diminish the true value of the IAEB membership and the IIC active policies.

This action is proper pursuant to FRCP 23.1 to enforce a right that the corporation may properly assert but has failed to enforce. This action is not collusive to confer jurisdiction that the court would otherwise lack. There are no other board members of IAEB so any attempt to procure permission to present this suit would be futile. Cohen has the sole authority to present this action on behalf of IAEB.

Plaintiff seeks a declaratory decision that provides definitive support to establish the strength of the IIC policies and the ability of IIC to pay claims of its policyholders. Plaintiff seeks a finding of fact to establish if defendants negligently asserted falsehoods about IIC's ability to pay claims on behalf of policyholders and whether defendants recklessly assessed the financial standing of IIC so that the policyholders of IAEB are not harmed by an asserted lack of substantive coverage.

Failure to have a declaratory action issued by a finder of fact will continue the harm incurred by IAEB policyholders, by way of example is the leases held by IAEB members that are deemed breached due to the erroneous assertions of defendants. IAEB members are harmed by the actions of defendants because of the multiple harships incurred by IAEB members as a result of the misleading information asserted.

This action does not invalidate, interfere, or impair the Delaware liquidation proceeding, see Corporacion Insular De Seguros v. Munoz (1995 DC Puerto Rico 896 F Supp 233); see also General Atomic Co. v. Felter 434 US 12 (1977); see also Garamendi v. Allstate 47 F3d 354.

Plaintiff presents this action in good faith and asserts that all of the information contained herein is truthful.

Plaintiff seeks a trial by jury.

Plaintiff has already been declared an indigent litigant, plaintiff requests that this court certify plaintiff to proceed in forma pauperis.
Respectfully submitted January 26, 2015

Jeffrey Cohen
CDF 4080002
401 E Madison St
Baltimore, MD 21202
Plaintiff, pro se on behalf of IAEB

January 26, 2015

Clerk of The Court-Civil
USDC
101 W Lombard St
Baltimore, MD 21201

    Dear Sir/Madam:

    Please file this new civil complaint, thank you.

*[signature]*

Jeffrey Cohen
CDF 4080002
401 E. Madison St
Baltimore, MD 21202